IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 18-CR-68 |
| | § | |
| CHIOMA OKAFOR | § | |

ORDER OF DETENTION PENDING TRIAL

    In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention pending trial and the Defendant waived her right to a detention hearing. That waiver of detention hearing is entered in the record as Dkt. No. 47. I conclude that the following facts are established by a preponderance of the evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ] A. Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)    The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

        [ ]    a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

        [ ]    an offense for which the maximum sentence is life imprisonment or death.

        [ ]    an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

        [ ]    a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

  [ ] (2)    The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)    A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

  [ ] (4)    Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the

|       |    |                                                                              |
|-------|----|------------------------------------------------------------------------------|
|       |    | community.  I further find that the defendant has not rebutted this presumption. |
| [ ]   | B. | Findings of Fact [18 U.S.C. § 3142(e)]                                       |

[ ] (1) There is probable cause to believe that the defendant has committed an offense

       [ ]    for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

       [ ]    under 18 U.S.C. § 924(c).

[ ] (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]   C.   Findings of Fact [18 U.S.C. § 3142(f)(2)]

[X] (1) Defendant is accused of wire fraud in violation of 18 U.S.C. § 1343 and 2, conspiracy to commit wire fraud in violation of 18 U.S.C. § 371, conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h), concealment money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and 2, and aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).

[X] (2)  There is a serious risk that the defendant will flee.

[] (3)  Defendant represents a danger to the community.

[ ] (4) There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]   D.   Findings of Fact [18 U.S.C. § 3142(c)]

[ ] (1) As a condition of release of the defendant, bond was set as follows:

[ ] (2)

[X] (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

[] (4) I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

I find that the accusations in the indictment, information submitted in the Pretrial Services Agency report, and information at the detention hearing establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to be taken into account:

1. Defendant is 30 years of age, and was born in Lagos, Nigeria. She was raised by her parents in Nigeria, and entered the United States on a student VISA in 2003 or 2004. An ICE inquiry revealed defendant is not legally in the US, and is currently under removal proceedings. Defendant is the eldest of 7 children; her mother and two of her siblings still reside in Nigeria, three siblings reside in Canada, one sibling lives in Spain, and one sibling lives in Indiana. Defendant has lived with her two small children and her sister for the past 4 months. Defendant's first marriage ended by divorce, and she is separated from her current husband.

2. Defendant reported she received her Associate Degree from Houston Community College in 2009. She has not worked outside of the home for the past 1.5 years, and her last reported job was working as a manager at Ace Cash Express. She currently earns money by braiding hair and watching children. Her net worth is about $1000, and her monthly expenses are about $2700. Her mother and sister provide her with $1500 per month for living expenses.

3. Defendant's criminal record consists of a 2-year deferred adjudication probation for theft of property. Defendant's false statement for property, fraud use possess identifying information, and money laundering charges were dismissed. Defendant also received a 9 month deferred adjudication probation for theft of property.

4. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on February 15, 2018.

                                                          Stephen Wm Smith
                                        United States Magistrate Judge